01-5190

hlb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Misc. No. ~~01-3929-toCF~~

FILED by ___ S.D.C.
INTAKE

DEC 14 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE MATTER OF THE EXTRADITION
OF KARL LANGENSTEIN
_____/

Unassigned

MAGISTRATE JUDGE
TURNOFF

**COMPLAINT FOR PROVISIONAL ARREST WITH A VIEW TOWARD
EXTRADITION (18 U.S.C. §3184)**

**SEALED**

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. in this matter I act for and on behalf of the Government of Switzerland;

2. there is an extradition treaty in force between the United States and Switzerland, entered into force September 10, 1997;

3. the treaty provides in article 13 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request and supporting documents;

4. in accordance with article 13 of the treaty, the Government of Switzerland has asked the United States through diplomatic channels for the provisional arrest of Karl Langenstein with a view toward his extradition;

5. according to the information provided by the requesting state in the form authorized by the treaty, Langenstein was charged with fraud, committed within the jurisdiction of the requesting state, and a warrant for his arrest was issued dated April 4, 2001, by the district prosecution department II of the canton of Zurich, in Switzerland;

6. the warrant was issued on the basis of the following facts:

In 1994, Karl Langenstein deceived several individuals by having them believe that if they gave him certain advance fees he would invest them in a "High Yield Investment Program." In May 1994, Brian Strutt was persuaded to make a payment of US$500,000 to the bank account of Zurich attorney Meroni. This money was to be used to start the "Investment Program," which was to give Strutt a US$300,000 profit. Strutt never received his profit, nor was his US$500,000 returned to him. However, on May 27, Langenstein withdrew US$250,000 of the US$500,000 that Strutt deposited. In June 1994, Langenstein obtained money, totaling US$500,000, for investment purposes from Andrew Anastasio. Karl Langenstein withdrew US$380,000 from the account where Anastasio's money was deposited, and no money was ever returned to Anastasio. In 1994, Langenstein offered Ferdinand Bockler participation in a "High Yield Investment Program." In July 1994, Bockler gave Langenstein several checks, totaling US$3.5 million, to invest in the program. Langenstein gave these checks to the managers of a so-called "Pacific Australian Bank" in Zurich. The management of that bank then used the resulting cash credit for payment of other liabilities. The investment was never made. In August 1994, Langenstein used the same method, as mentioned above, to persuade Alonso Gato Felipe to invest US$1 million into the program. However, unlike the others, Felipe received his original investment of US$1 million, in addition to a profit of US$.3 million. Despite the fact that Felipe received a repayment and profit, the money was placed in a nonexistent bank, thus endangering the assets of Felipe;

7. the offense with which Langenstein is charged is provided for in article 2 of the extradition treaty cited above;

8. The government of Switzerland has provided the United States with information that Langenstein is expected travel to Miami, Florida, before the end of December and possibly this weekend, December 15-16, 2001;

9. the requesting state has represented that it will submit a formal request for extradition, supported by the documents specified in the treaty, within the time required under the treaty; and

10. the forenamed person would be likely to flee if he learned of the existence of a warrant for his arrest.

WHEREFORE, the undersigned complainant requests that a warrant for the arrest of the forenamed person be issued in accordance with Title 18, United States Code, Section 3184, and the Extradition Treaty between the United States and Switzerland, and that this complaint and the warrant of this court be placed under seal until such time as the warrant is executed.

_____
HUGO L. BLACK III
ASSISTANT UNITED STATES ATTORNEY

Sworn to before me and subscribed in my presence this ___14___ day of December, 2001, at Miami, Florida and A WARRANT SHALL ISSUE.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE